

FILED
AUG - 2 2007 TJ
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-22586-C-7 |
| WILLIAM ALLEN CUSTER and FRANCES MARIE CUSTER, | MC No. JLS-1 |
| Debtors. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtors filed their voluntary chapter 7 petition on April 12, 2007. They scheduled a 2003 Big Tex Trailer ("vehicle") as property of the estate. The first meeting of creditors was held on May 9, 2007. The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtors. Debtors were discharged from all dischargeable debts on July 18, 2007.

On June 19, 2007, American General Financial Services, Inc. ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The fair market value of the vehicle according to the debtors is $2,500. Movant holds a lien on the vehicle in the approximate amount of $8,691.67. There is no evidence of any other liens against the vehicle.

No opposition to the motion was filed within the time prescribed by Local Bankruptcy Rule 9014-1(f)(1). The parties have consented to taking evidence by affidavit and have not demonstrated that there is any disputed material factual issue that would warrant an evidentiary hearing. See L. Bankr. R. 9014-1(f)(1). The evidentiary record is closed. Id.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor in personam

expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtors do not appear to have any equity in the vehicle, since the debtors were granted a discharge, the automatic stay has expired as to the debtors. Thus, the motion insofar as it is directed at the interest of the debtors is moot and will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: August 2, 2007

UNITED STATES BANKRUPTCY JUDGE

Case 07-22586    Filed 08/02/07    Doc 32

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

William Allen Custer
Frances Marie Custer
P.O. Box 93
Oak Run, CA 96069

Dennis K. Cowan
P.O. Box 992090
Redding, CA 96099-2090

Spencer P. Scheer
Joshua L. Scheer
Austin D. Gardner
Scheer Law Group, LLP
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903

John W. Reger
P.O. Box 933
Palo Cedro, CA 96073

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 8/3/07

_____
Marilyn Rigsby
Deputy Clerk